### 2711. GEORGIA SOUTHERN & FLORIDA RAILWAY CO. v. PERRY.

The assignments of error as to the charge of the court to the jury are without merit, and the request to charge was fully covered in the general charge given. The evidence authorized the verdict, and there was no error in refusing a new trial.

DECIDED NOVEMBER 29, 1910.

Action for damages; from city court of Cordele—Judge Strozier. May 4, 1910.

*John I. Hall, J. E. Hall, J. T. Hill,* for plaintiff in error.

*F. G. Boatright,* contra.

RUSSELL, J. Perry brought suit against the Georgia Southern & Florida Railway Company, alleging, that on September 8, 1909, he was approaching a street-crossing of the defendant company's tracks, riding in a buggy, as a switch-engine of the defendant was apparently approaching the crossing. He stopped the horse until the switch-engine had passed the crossing and gone some 50 or 60 feet beyond it, when he started to drive across the crossing himself. The petition alleged that just as he was passing over the crossing, the switch-engine was started, with a loud exhaust and escaping steam, directly toward him. His horse became frightened at the noise, steam, and the approaching engine, and began rearing and backing. The plaintiff looked in the direction of the engine and endeavored to give warning of his perilous situation, but neither the engineer nor the fireman, nor any other person in

charge of the engine or in the railway company's service, could see him. When the engine was almost upon him, he endeavored, in order to save his life, to jump from his buggy, just as the engine struck his vehicle, but fell and sustained serious injuries. In the petition the following acts of negligence are alleged: negligence in suddenly starting the engine ahead with a loud exhaust and escaping steam, in the immediate vicinity of a public and much traveled crossing, without keeping a lookout to see if any person or thing was about to cross its track on said street; negligence in unnecessarily allowing steam to exhaust heavily and escape from said engine so near to a public crossing as to frighten plaintiff's horse, necessitating his jumping from his vehicle; negligence in keeping no lookout ahead of the engine, and negligence in not having the engine under full and complete control in approaching the public crossing, so as to be able to stop in time, should any person or thing be crossing the track on said street. It is alleged that the frightening of the horse by the unusual exhaust of steam, the failure to keep a lookout, and the failure to have the engine under control, each caused or contributed to the plaintiff's injuries and damage. The suit was for $2,500. The defendant filed a general denial of the allegations of plaintiff's petition, with the exception of those which allege the defendant to be a corporation, and that Fourteenth avenue is a public street in the city of Cordele. The evidence for the plaintiff was in conformity with the allegations of the petition, and tended to show that the engine ran into the plaintiff's buggy. The railroad company introduced testimony showing that the plaintiff's horse backed into an engine which was standing still upon the tracks and not making any noise.

The motion for new trial avers that the court erred in charging the jury as follows: "The defendant further contends that the engine made no loud or unusual or unnecessary noise, or in fact any noise at all, and that the accident was caused by the horse, as it alleges it backed the buggy into the engine, and that the engine was standing still at the time, and that the accident was entirely due to the negligence of the plaintiff in the case; and for that reason the defendant contends that it is not liable to the plaintiff for the amount that was alleged, or any other amount as damages." It is insisted that the defendant made no such

contention, and that this is true because the defendant's answer is a mere denial of the several paragraphs of. plaintiff's petition. It is true that the contention of the parties are generally to be shown from their pleadings, and that the answer of the defendant in this case does not specifically set up the defense to which the court referred. But we fail to see wherein the instruction quoted above could have been hurtful to the defendant. It is conceded by counsel for the plaintiff in error that the charge of the court would have afforded the jury a reason for disregarding the plaintiff's injury, on the idea that the railway company was not liable therefor, and in fact the instruction was more favorable than the defendant was entitled to. As understood by the jury, contentions can be presented outside of the pleadings, by the course of the examination of the witnesses, and by oral argument. A review of the various exceptions to the charge of the court fails to disclose any error prejudicial to the losing party which would require the grant of a new trial.

The court was requested to instruct the jury that there could be no recovery for the plaintiff unless the jury believed from a preponderance of evidence that his buggy, while he was riding across the crossing, or while attempting to ride across and beyond it, was struck and run into by defendant's switch-engine which was being operated at the time of collision. The jury were told more than once in the course of the charge that the plaintiff could not recover if he could have avoided the injury by the exercise of proper care. For these reasons we think that the court did not err in refusing a new trial.                 *Judgment affirmed.*